IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>    Plaintiff,<br><br> v.<br><br>ERIN STARK and THE STARK FIRM PLLC,<br><br>    Defendants. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES AND OTHER RELIEF

Plaintiff Bank of America, N.A. ("Plaintiff" or "BANA"), by and through its undersigned counsel, brings this Complaint against Erin Stark ("Stark") and The Stark Firm PLLC (the "Firm" and collectively, "Defendants") and alleges as follows:

## PARTIES

1. Plaintiff is a national banking association organized under the laws of North Carolina with its principal place of business and main office located in Charlotte, North Carolina.

2. Defendant Stark is a Georgia resident and citizen and a member of the State Bar of Georgia.

1

3. Defendant Firm is a professional limited liability company organized under the laws of Alabama with its principal place of business in Atlanta, Georgia. Upon information and belief, the Firm's sole member is Erin Stark, who is a citizen of Georgia.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of costs and interest, and is between citizens of different states, as set forth in paragraphs 1–3. As set forth below, Defendants' have wrongfully misappropriated over $75,000 in funds owed to BANA.

5. This Court has personal jurisdiction over Stark because she is a citizen of and domiciled in Georgia.

6. This Court has personal jurisdiction over the Firm because it maintains its headquarters and principal place of business in Georgia.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this district. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTUAL BACKGROUND

8. In 2019, the Georgia Department of Transportation ("GDOT") sent BANA documents and an offer informing BANA that it intended to condemn certain land BANA owned located in Cumming, Georgia (the "Cumming Condemnation Matter") and Alpharetta, Georgia (the "Alpharetta Condemnation Matter") (collectively, the "Condemnation Matters").

9. BANA retained Stark, a licensed attorney in Georgia, and the Firm for representation in the Condemnation Matters.

10. In September 2019, the GDOT deposited $739,101 into the registry of Fulton County Superior Court ("Fulton Court"), which GDOT contended to be the just and adequate compensation to BANA for the Alpharetta site pursuant to O.C.G.A. §§ 32-3-4 to 32-3-19.

11. On February 4, 2020, without BANA's knowledge or authorization, Stark filed a motion in the Fulton Court to pay over to BANA the $739,101 in deposited funds for the Alpharetta site. In the motion, Stark requested that the Fulton Court distribute the funds to "The Stark Firm, PLLC IOLTA Account" to be held in trust for BANA.

12. On February 25, 2020, the Fulton Court granted the motion.

13. The funds in the amount of $739,101 (the "Alpharetta Funds") were distributed in accordance with the Fulton Court's order to be deposited into Defendants' trust account.

14. Defendants did not notify BANA that Fulton Court released the Alpharetta Funds to Defendants.

15. In August 2022, the GDOT deposited $202,000 into the registry of Forsyth County Superior Court ("Forsyth Court"), which GDOT contended to be the just and adequate compensation to BANA for the Cumming site pursuant to O.C.G.A. §§ 32-3-4 to 32-3-19.

16. On February 3, 2023, without BANA's knowledge or authorization, Stark filed a motion in the Forsyth Court to pay over to BANA the $202,000 in deposited funds for the Cumming site. In the motion, Stark requested that the Forsyth Court distribute the funds to "The Stark Firm, PLLC IOLTA Account" to be held in trust for BANA.

17. On June 2, 2023, BANA sent a letter to Defendants terminating their services.

18. On June 16, 2023, the Forsyth Court entered an order granting the February 2023 motion to withdraw the $202,000 in funds relating to the Cumming site. Defendants did not inform BANA of this order.

19. Defendants did not inform the Forsyth Court of their termination prior to the court granting the motion.

20. The funds in the amount of $202,000 (the "Cumming Funds") were distributed in accordance with the Forsyth Court's order to be deposited into Defendants' trust account.

21. Defendants did not notify BANA that Forsyth Court released the Cumming Funds to Defendants.

22. Once BANA learned that the Alpharetta and Cumming Funds had been released, BANA demanded Defendants remit the funds to BANA.

23. Defendants have refused to remit the Alpharetta and Cumming Funds to BANA.

24. Defendants have not provided any valid justification for their refusal to remit the Alpharetta and Cumming Funds held in trust for BANA.

25. BANA has never consented to Defendants applying any of the Alpharetta and Cumming Funds to Defendants' legal fees.

26. BANA has no knowledge whether the Alpharetta and Cumming Funds remain in Defendants' trust account.

## COUNT I

**Money Had and Received (Alpharetta and Cumming Funds)**

27. BANA incorporates the preceding paragraphs by reference as if set forth fully herein.

28. As described above, Defendants received the Alpharetta and Cumming Funds and those funds rightfully belong to BANA.

29. The GDOT deposited the Alpharetta and Cumming Funds into the Fulton Court and Forsyth Court as the just and adequate compensation to BANA for the Alpharetta and Cumming sites.

30. BANA is entitled to the Alpharetta and Cumming Funds and never agreed or consented to Defendants' withholding of the funds or Defendants applying the funds to their legal fees.

## COUNT II

**Conversion (Alpharetta and Cumming Funds)**

31. BANA incorporates the preceding paragraphs by reference as if set forth fully herein.

32. The Alpharetta and Cumming Funds belong to BANA as the just and adequate compensation to BANA for the Alpharetta and Cumming sites.

33. As described above, Defendants intentionally and unlawfully converted the Alpharetta and Cumming Funds without a legitimate claim of ownership or authorization. The Alpharetta and Cumming Funds were to be deposited into Defendants' trust account specific to BANA for the Condemnation Matters for BANA's benefit.

34. Defendants have claimed that the Alpharetta and Cumming Funds are currently held in Defendants' trust account specific to BANA for the Condemnation Matters for BANA's benefit.

35. BANA demanded Defendants to remit the Alpharetta and Cumming Funds to BANA, but Defendants have refused to do so.

36. BANA seeks return of the Alpharetta and Cumming Funds plus interest, treble damages, and attorney's fees.

## Count III

### Breach of Fiduciary Duty

37. BANA incorporates the preceding paragraphs by reference as if set forth fully herein.

38. As BANA's attorney, Defendants owed BANA fiduciary duties of loyalty, to exercise the utmost good faith, to apply their best skill, zeal, and diligence

in representing it, and to avoid interests or actions that were incompatible with BANA's.

39. In addition, a trustee of funds owes a fiduciary duty to the owner of the funds.

40. As BANA's attorney and trustee of the Alpharetta and Cumming Funds, Defendants owed BANA a fiduciary duty with regard to such funds.

41. As described above, Defendants breached their fiduciary duties to BANA, including but not limited to by failing to remit the Alpharetta and Cumming Funds to BANA, failing to notify BANA that they had filed motions seeking the release of the funds, and failing to notify BANA that the funds were released.

42. These breaches proximately caused damage to BANA, including but not limited to damages in the amount of the Alpharetta and Cumming Funds that Defendants have refused to remit to BANA.

## Count IV

### Punitive Damages

43. BANA incorporates the preceding paragraphs by reference as if set forth fully herein.

44. Defendants' tortious conversion and breach of fiduciary duty arose from Defendants' willful and wanton misconduct.

45. Defendants acted with the specific intent to harm BANA, depriving them of the Alpharetta and Cumming Funds owed to it by the GDOT.

## JURY DEMAND

BANA demands a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bank of America, N.A., respectfully prays as follows:

1. For an award of actual damages in an amount to be determined at trial, which exceeds $941,101;

2. For an award of attorney fees pursuant to O.C.G.A. § 13-6-11;

3. For an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1;

4. For treble damages;

5. For an award of prejudgment interest;

6. For costs of this suit; and

7. For such other and further relief as this Court may deem just and proper.

This the 25th day of September, 2024.

                                                     **MCGUIREWOODS LLP**

                                                    */s/ M. Laughlin Allen*
                                                    M. Laughlin Allen

Georgia Bar No. 901999
1075 Peachtree Street, Suite 3500
Atlanta, Georgia 30309-3900
(404) 443-5738 (Telephone)
(404) 443- 5773 (Facsimile)
mlallen@mcguirewoods.com

***Counsel for Plaintiff Bank of America, N.A.***